UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────────

U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF9 MASTER PARTICIPATION TRUST,

                    Plaintiff,        **No. 6:17-cv-6037(MAT)**
                                      **DECISION AND ORDER**

          -vs-

DUANE J. LICATA, LORI A. LICATA,

                    Defendants.

─────────────────────────────────────

## I.   Introduction

Plaintiff U.S. Bank Trust, N.A. ("plaintiff") alleges nonpayment of a mortgage by defendants Duane J. Licata and Lori A. Licata (collectively defendants).  Plaintiff has moved for default judgment.  Docket No. 10.  For the reasons set forth below, plaintiff's motion is denied and the action is dismissed for lack of subject matter jurisdiction.

## II. Background

Plaintiff, through its counsel, Gross Polowy LLC ("Gross Polowy"), commenced the instant action on January 17, 2017.  Docket No. 1.  Plaintiff alleges that defendants have failed to make payments under the terms of a mortgage held by it and secured by property owned by defendants, and seeks a judgment for the outstanding amount of the loan, as well as foreclosure and sale of defendants' property.  *Id*.

Plaintiff asserts federal subject matter jurisdiction based

-1-

solely on diversity of citizenship. Specifically, plaintiff asserts that defendants are both citizens of New York and that it is "a national association" with its principal place of business in Texas. *Id*. at ¶¶ 2-3. Plaintiff purports to bring this action as trustee for the LSF9 Master Participation Trust (the "Trust"), but has provided no details regarding its powers as trustee or the citizenship of the Trust's beneficiaries.

Defendants failed to appear in this action despite having been duly served, and a Clerk's Entry of Default was entered on March 7, 2017. Docket No. 8. Plaintiff filed the instant motion for a default judgment on May 5, 2017. Docket No. 10.

**III. Discussion**

    **A.   Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994). Accordingly, there exists an "inflexible rule" that "if a court perceives at any stage of the proceedings that it lacks subject matter jurisdiction, then it must take proper notice of the defect by dismissing the action." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); *see also R.S. v. Bedford Cent. Sch. Dist.*, 899 F. Supp. 2d 285, 289 (S.D.N.Y. 2012) (subject matter jurisdiction is not a

prudential or discretionary doctrine, but rather, is an inflexible rule that without exception requires federal courts, on their own motion, to determine if jurisdiction is lacking). "A federal court's jurisdiction must clearly appear from the face of [the] complaint. . . ." *Verosol USA, Inc. v. Fla. Shades, Inc.*, 1992 WL 696643, at *1 (S.D.N.Y. Sept. 17, 1992) (internal quotation omitted). "And when a complaint fails to plead subject matter jurisdiction, the Court is obligated to dismiss it *sua sponte*." *Receivables Exch., LLC v. Hotton*, 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011) (citing Fed. R. Civ. P. 12(h)(3)).

In this case, plaintiff has failed to adequately allege subject matter jurisdiction. In a recent decision, the United States District Court for the Northern District New York dismissed a complaint filed by Gross Polowy on behalf of plaintiff for precisely this reason. *See U.S. Bank Trust, N.A. v. Monroe*, 2017 WL 923326, at *3 (N.D.N.Y. Mar. 8, 2017). The court in the *Monroe* case noted that Gross Polowy has, on several previous occasions, filed actions in federal court that fail to properly allege subject matter jurisdiction. Specifically, the court explained that the citizenship of a national banking association is determined by the state designated in its articles of association as its main office. *Id*. at *4 (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006)). In this case, as in the *Monroe* case, plaintiff has not provided any information regarding its articles of incorporation,

and has therefore failed to provide the Court with the information necessary to ascertain its citizenship.

Moreover, and as the *Monroe* court discussed in detail, plaintiff has commenced this action in its role as trustee for the Trust. "The rule for determining the diversity citizenship of a trust (when it is the citizenship of the trust itself that matters) depends on the type of trust at issue. If the trust is a traditional trust, meaning it was established primarily for gift or estate planning purposes, courts have held it takes the citizenship of its trustees without regard to the trust's beneficiaries. . . . On the other hand . . . business trusts - which are established as an alternative to incorporation and are intended to make a profit - take the citizenships of their beneficiaries." *Id.* (internal citations and quotations omitted). Here, as in *Monroe*, plaintiff "has included no allegations concerning the type of trust at issue here, its degree of control over the trust assets, or, alternatively, the citizenships of the trust's beneficiaries." *Id.* at *5. Accordingly, plaintiff has failed to allege facts sufficient to establish that this Court has subject matter jurisdiction over the instant matter.

Plaintiff's attorneys have been warned that it is improper to pursue an action in federal court without properly asserting subject matter jurisdiction. *See id.* ("The Court strongly cautions U.S. Bank (and its attorneys, Gross Polowy) against continuing to

claim federal jurisdiction in this or other lawsuits if it either lacks an arguable basis for doing so or does not wish to invest the effort required to make its case."). It nevertheless filed the instant motion for default judgment without making any attempt to remedy the deficiencies in its pleading. Under these circumstances, the Court finds that dismissal of the complaint is appropriate. *See id.* ("If a case is significant enough to warrant a federal forum, properly pleading and showing jurisdiction is a reasonable price of admission. If not, the courts of New York are perfectly capable of handling a foreclosure action for nonpayment of a mortgage (perhaps even more so than a federal district court)."); *see also U.S. Bank Trust, N.A. for LSF9 Master Participation Trust v. Gross,* 2017 WL 2602057, at *3 (W.D.N.Y. June 14, 2017) (dismissing complaint brought by Gross Polowy on behalf of plaintiff for failure to properly allege subject matter jurisdiction).

### B.  Default Judgment

Because the Court finds that the complaint should be dismissed, it need not consider the merits of plaintiff's motion for default judgment. The Court notes, however, that plaintiff's motion for a default judgment is procedurally deficient. *See Gross*, 2017 WL 2602057, at *3 ("Although this Court lacks subject matter jurisdiction to entertain this case, the Court notes several other missteps committed by Plaintiff's attorney to allow for

greater efficiency in the event Plaintiff chooses to re-file this action."). In this case, as in *Monroe*, *Gross*, and numerous other actions filed by Gross Polowy, plaintiff has failed to satisfy the requirements of the New York Real Property Actions and Proceedings Law and has filed a deficient request for attorneys fees. The Court will not reiterate the specific details of these procedural failings, which have been exhaustively pointed out in previous court decisions. Instead, the Court notes that Federal Rule of Civil Procedure 11 imposes certain requirements on attorneys appearing in federal court. Counsel is advised to consider the requirements of Rule 11 when filing any future pleadings, especially in light of the numerous warnings they have been provided by this Court and others.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for a default judgment (Docket No. 10) is denied and the complaint is dismissed for lack of subject matter jurisdiction. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**s/ Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:     June 21, 2017
           Rochester, New York.